UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV- 22391

MACEO PHIFFER,

    Plaintiff,

vs.

GREENSTAR LANDSCAPING, CO. and
PETER E. MASI,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Maceo Phiffer, sues Defendants, Greenstar Landscaping, Co. and Peter E. Masi, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Maceo Phiffer**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Greenstar Landscaping, Co.**, is a Florida for-profit limited corporation that has at all times material conducted its business in Miami-Dade County, Florida, and it is *sui juris*.

1

6. **Defendant, Peter E. Masi**, was and is the owner/operator/officer/director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He is *sui juris* and works in Miami-Dade County, Florida.

7. Defendants were Plaintiff's employer(s), as the term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

10. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. Defendants have at all times material to this action owned and operated a landscaping company that performs residential and commercial landscaping services, including planting, maintenance, irrigation, and related services utilizing computers, trimmers, mowers, vehicles, cellular telephones, telephones, hand tools, phone systems, and other materials and supplies to engage in interstate commerce.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. Furthermore, Defendants engage in interstate commerce in the course of its regular and routine submission of payments for goods and receipt of payment from out-of-state payors.

14. Defendants utilize computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

15. Defendants also advertise/market their services on the internet at [https://greenstarlandscapingco.com/](https://greenstarlandscapingco.com/), which domain they purchased through GoDaddy, a foreign corporation.

16. Defendants further negotiate and manage payments to and from payors located outside of the State of Florida, including the regular and recurrent use of credit card processing that transmit electronic information outside of the State of Florida.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeding $125,000 for each relevant fiscal quarter.

18. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fai rLabor Standards Act applies to Plaintiff's work for Defendants in the course of his performing irrigation installation and repair services while using supplies, PVC piping, irrigation supplies, flexible hoses, connections, glues, and other goods, materials, and supplies that moved through interstate commerce.

19. Plaintiff worked for Defendants from approximately December 2020 to April 16, 202 as an irrigation technician.

20. Plaintiff's primary duty was the performance of manual work; to wit, irrigation installation and repair.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22. Defendants paid Plaintiff at an hourly rate of pay of $16.00 per hour.

*Liability*

23. Defendants paid Plaintiff by check for up to 40 hours of work at his regular rate of pay.

24. Plaintiff worked approximately 10-15 hours of overtime (50-55 hours per week) for Defendants.

25. Defendants paid Plaintiff in cash at his regular rate of pay for the overtime hours worked beyond 40 in a workweek.

26. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

27. Plaintiff is entitled to a back pay award for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

29. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

WHEREFORE Plaintiff, Maceo Phiffer, demands the entry of a judgment in his favor and against Defendants, Greenstar Landscaping, Co. and Peter E. Masi, after trial by jury and as follows:

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

    a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Maceo Phiffer, demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of June 2021,

                              s/Brian H. Pollock, Esq.
                              Brian H. Pollock, Esq.
                              Fla. Bar No. 174742
                              brian@fairlawattorney.com
                              FAIRLAW FIRM
                              135 San Lorenzo Avenue
                              Suite 770
                              Coral Gables, FL 33146
                              Tel:   305.230.4884
                              *Counsel for Plaintiff*