UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22391-COOKE

MACEO PHIFFER,

Plaintiff,

vs.

GREENSTAR LANDSCAPING, CO. and
PETER E. MASI,

Defendants.

_____/

### ORDER REFERRING PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEFENDANTS' OFFER OF JUDGMENT TO U.S. MAGISTRATE JUDGE FOR REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court upon Plaintiff's Notice of Acceptance of Defendants' Offer of Judgment (the "Notice") (ECF No. 5), filed July 20, 2021. This matter involves the interplay between the provisions of the Fair Labor Standards Act ("FLSA") and offers of judgment pursuant to Rule 68 of the Federal Rule of Civil Procedure. Generally, before this Court can approve a settlement of FLSA claims and dismiss a case, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.

Here, however, there is no settlement agreement. Rather, Plaintiff has filed the Notice indicating that he has accepted Defendants' Offer of Judgment under Rule 68. ECF No. 5. Nonetheless, the Court has an independent duty to review the terms of the proposed Rule 68 offer of judgment in the context of the FLSA claims. *See Doherty v. Good Shepherd Day Sch., Inc.*, No. 2:18-CV-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food*), report and recommendation adopted, 2019 WL 2173798 (M.D. Fla. May 20, 2019); *Morrison*

*v. Veale*, No. 3:14-CV-1020-TFM, 2017 WL 6388960, at *2 (M.D. Ala. Dec. 14, 2017) (noting that courts must determine whether an FLSA settlement on an offer of judgment is a fair and reasonable resolution in order to give it final and binding effect); *Hernandez v. R.S 1040 EZ Inc.*, No. 14-CV-20865, 2015 WL 12780628, at *1 (S.D. Fla. Feb. 26, 2015) (confirming that an offer of judgment under Rule 68 constitutes a settlement that must be reviewed for fairness); *Molina v. SMI Sec. Mgmt., Inc.*, No. 11-24245-CIV, 2012 WL 12864928, at *1 (S.D. Fla. Dec. 21, 2012) (approving offer of judgment for FLSA claims upon a finding that the offers were a fair and reasonable compromise of bona fide dispute); *Kingsley v. Noonan*, No. 6:12-CV-500-ORL-22TBS, 2012 WL 5378743, at *1 (M.D. Fla. Oct. 31, 2012) (concluding that settlement made through a Rule 68 offer of judgment was still subject to fairness scrutiny); *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2011 WL 13173812, at *1 (S.D. Fla. Jan. 11, 2011) (confirming that the court must scrutinize for fairness any proposed settlement of an FLSA claim).

Accordingly, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Notice of Acceptance of Defendants' Offer of Judgment (ECF No. 5) is **REFERRED** to Chief U.S. Magistrate Judge John J. O'Sullivan for a report and recommendation as to whether the offer of judgment constitutes a fair and reasonable resolution of a bona fide dispute. In the interim, this matter shall remain **CLOSED** for statistical purposes.

**DONE and ORDERED** in Chambers, at Miami, Florida, on this 12th day of August 2021.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Honorable John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of Record*