UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22391-CIV-COOKE/O'SULLIVAN

MACEO PHIFFER

    Plaintiff,
vs.

GREENSTAR LANDSCAPING, CO.
and PETER E. MASI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Plaintiff's Motion for an Award of Attorneys' Fees and Costs (DE # 21, 10/29/21). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan pursuant to 28 U.S.C. § 636(b). Having carefully considered the issues, the court file, and applicable law, the undersigned respectfully recommends that the Plaintiff's Motion for an Award of Attorneys' Fees and Costs (DE # 21, 10/29/21) be **GRANTED in part and DENIED in part** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this action on June 30, 2021, for overtime violations by the defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* On July 16, 2021, the defendants served the plaintiff with an Offer of Judgment to satisfy his claims for overtime wages in the amount of $1,196.00 and liquidated damages in the amount of $1,196.00. On July 20, 2021, the plaintiff filed a Notice of Acceptance of Rule 68 Offer (DE # 5, 7/20/21). On August 20, 2021, the Offer of Judgment was

approved, and the undersigned recommended that the Court enter a judgment in favor of the plaintiff, retain jurisdiction to determine reasonable attorney's fees and costs, and set a briefing schedule on attorney's fees and costs. (DE # 12, 8/20/21).

On October 13, 2021, the District Court Affirmed and Adopted the undersigned's Order and Recommendation, and Ordered that: (1) judgment be entered in favor of the plaintiff Maceo Phiffer; (2) the Court would retain jurisdiction to determine reasonable attorney's fees and costs; (3) and the matter be referred to the undersigned for a report and recommendation as to what constitutes reasonable attorney's fees and costs. (DE # 17, 10/23/21).

The plaintiff filed the Plaintiff's Motion for an Award of Attorney's Fees and Costs (DE # 21, 10/29/21) on October 29, 2021. The defendants filed the Defendants' Response in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (DE # 26, 11/12/21) on November 12, 2021. The plaintiff filed the Plaintiff's Reply Supporting Its Motion for Attorneys' Fees and Costs (DE # 32, 12/10/21) on December 10, 2021. The plaintiff seeks fees in the amount of $7,765.00[1] and costs of litigation in the amount of $492.00 in this matter, for a total award of $8,257.00. This matter is ripe for adjudication.

---

[1] At the end of the plaintiff's Reply, the plaintiff makes a request for fees on fees. The plaintiff attached an Exhibit to the Reply outlining the fees incurred since in this matter since October 25, 2021, which total $1,794.50. $5,970.50 (the amount requested in the Motion) + $1,794.50 (the amount requested in the Reply) = $7,765.00 .

**DISCUSSION**

**I. Attorneys' Fees**

**A. Entitlement to Fees**

The plaintiff seeks fees in this matter "pursuant Fed. R. Civ. P. 55, 69, and other applicable Rules and laws". (Pl. Mot. at 1). Section 216(b) of the FLSA awards reasonable attorney's fees and costs to a prevailing plaintiff in actions to recover unpaid minimum wages and/or overtime. 29 U.S.C. § 216(b). On October 13, 2021, the District Court Affirmed and Adopted the undersigned's Order and Recommendation, and Ordered that Judgment be entered in favor of the plaintiff Maceo Phiffer . Accordingly, the plaintiff prevailed in the case at bar, and is entitled to receive attorneys' fees.

**B.  Amount of Fee Award**

Having determined that the plaintiff is entitled to an award of attorneys' fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

1. <u>Reasonable Hourly Rate</u>

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  *Blum*, 465 U.S. at 895.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate or the fees claimed seem expanded.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)).

The plaintiff requests an hourly rate of $450.00 for the work performed by Brian

H. Pollack Esq., who has been a member in good standing of the Florida Bar and practicing civil litigation in Florida and federal courts since 1999.  The plaintiff requests an hourly rate of $350.00 for the work performed by Toussaint M. Cummings, Esq., who has been a member in good standing of the Florida Bar since 2015, a member of the Southern District of Florida since 2019, and practicing civil litigation since 2019.  On the plaintiff's time records, the plaintiff requests $150.00 per hour for the time worked by paralegals in this matter.[2]  The plaintiff does not provide information regarding the credentials of the paralegals for whom he seeks reimbursement.  The defendants object to the plaintiff's requested hourly rates for both attorneys and opine that a rate of $395.00 per hour is more appropriate for Mr. Pollack and a rate of $250.00 per hour is more appropriate for Mr. Cummings.  The Court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without witnesses.  *Norman*, 836 F.2d at 1299.  The Court finds that Mr. Pollack is a very skilled attorney, specifically in FLSA cases, and finds that Mr. Pollack is entitled to an award of $450.00 per hour.  Although Mr. Cummings is also a skilled attorney, based on his experience and expertise in FLSA cases, the undersigned finds that an hourly rate of $350.00 is excessive for Mr. Cummings in this matter, and a rate of $250.00 an hour for Mr. Cummings is more appropriate.  The undersigned does not have any information on the credentials of the paralegals who worked on this matter.  In the past, the undersigned has awarded $100.00 per hour for paralegals, and

---

[2]On the initial time sheet attached to the plaintiff's Motion, the staff member listed for the 1.40 hours requested for paralegals is described as Law Ruler Support and the category is described as Paralegal.  In the Reply, the plaintiff clarifies that these 1.40 hours are for work done by paralegals.

finds that $100.00 per hour is the appropriate amount to award for paralegal work in this matter.

### 2. Reasonable Number of Hours Expended

The Court must next evaluate the plaintiff's requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel. The plaintiff requests[3] 8.91 hours (8.30 hours in the Motion and 0.61 hours in the Reply) for Mr. Pollack, 10.10 hours (5.8 hours in the Motion and 4.3 hours in the reply) for Mr. Cummings, and 1.50 hours (1.40 hours in the Motion and 0.10 hours in the Reply) for paralegals. The defendants argue that the requested fees should be reduced because: the plaintiff's first time entry on the time sheet attached to the Motion was for a "free" consultation; clerical work performed by legal personnel is not compensable; the May 18, 2021, time entries are inexplicable[4]; and the plaintiff excessively or over billed for simple tasks.

The Court should exclude from the fees award compensation hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Court may determine a reasonable award based on its own experience. *Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). The plaintiff submitted billing records in support of his request for fees. The plaintiff requests

---

[3] Including the fees requested for work performed after October 29, 2021.

[4] In the reply, the plaintiff explained that the May 18, 2021, time entries were for work performed by paralegals, and the manner in which the time entries were identified resulted from the use of a new billing software.

compensation for 8.91 hours for Mr. Pollack, 10.10 hours for Mr. Cummings, and 1.50 hours for paralegals. The undersigned opined earlier in this report and recommendation that the hourly rate for Mr. Pollack should remain at the requested $450.00, the hourly rate for Mr. Cummings should be reduced to $250.00, and the hourly rate for paralegals should be reduced to $100.00. This would result in: (1) 8.91 hours for Mr. Pollack at a rate of $450.00 per hour for a total of $4,009.50; (2) 10.10 hours for Mr. Cummings at a rate of $250.00 per hour for a total of $2,525.00; and (3) 1.50 hours for paralegals at a rate of $100.00 per hour for a total of $150.00. The total sum of all of the aforementioned charges is $6,684.50. Accordingly, before any other reductions in fees are discussed in this Report and Recommendation, the request by the plaintiff for $7,765.00 in fees should be reduced to $6,684.50.

The plaintiff's recovery in this matter, which occurred prior to the commencement of discovery and trial, was $2,392.00. This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. *Hensley,* 461 U.S. at 437. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v.*

*New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808. The undersigned notes, however, as opined by this Court with regard to FLSA cases, that

> [f]ee awards ... should not simply be proportionate to the results obtained by the Plaintiff. *Andrews v. United States*, 122 F.3d 1367, 1376 (11th Cir.1997) (citing *Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)). As this Court has noted before, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 133 Fed.Appx. 604, 2005 WL 1208573, *9 (S.D.Fla.2005) (quoting *Holyfield v. F.P. Quinn & Co.*, 1991 WL 65928, *1 (N.D.Ill. April 21, 1991) (court awarded approximately $7,000 in fees even though the judgment was only $921)).

*James v. Wash Depot Holdings, Inc,* 489 F.Supp. 2d 1341, 1347 (S.D. Fla. 2007).

The undersigned finds that the plaintiff may recover for attorney time spent and billed in this matter, and that the plaintiff is entitled to recover attorney fees associated with the instant motion for fees and costs. *See Thompson v. Pharmacy Corp.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (district court abused discretion in declining to award attorney's fees for all time expended in effort to recover such fees); *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1309 (11th Cir. 2001) ("A prevailing party is entitled to

reasonable compensation for litigating a [fee] award.").

The defendants' response includes a chart of time entries that were made by the plaintiff, an indication of whether the defendants have objections to the time entries, and if so, what the objections are and the amount of time the defendants opine should be awarded for each time entry.

The undersigned reviewed the time entries submitted by the plaintiff. While reviewing those time entries, the undersigned specifically noted the defendants' assertions that the requested fees should be reduced because: the plaintiff's first time entry on the time sheet attached to the Motion was for a "free" consultation; clerical work performed by legal personnel is not compensable; the May 18, 2021, time entries are inexplicable; and the plaintiff excessively or over billed for simple tasks.

The defendants assert that the plaintiff should not be entitled to recover attorneys' fees for the free initial consultation he had with his attorney. In support of this contention, the defendants attach a print out of the home page of the plaintiff's attorney's website to the Response. The website indicates that one may receive a free evaluation of his/her claim. The plaintiff asserts that the work done by plaintiff's counsel is on a contingency basis and that by the defendants' logic, all of the work done by plaintiff's attorney would be free. The undersigned agrees with the plaintiff. An initial consultation with a new client is necessary to evaluate the merits of the client's claim. Moreover, one hour for an initial consultation is a reasonable amount of time. Even if Mr. Pollack offers an initial consultation for free to new clients, it is reasonable for Mr. Pollack to recover his fees for the initial consultation. Accordingly, the undersigned recommends that no reduction be taken for Mr. Pollack's initial consultation with the

plaintiff.

As noted earlier in this Report and Recommendation, this Court must exercise independent judgment when reviewing a claim for hours reasonably expended. *See Norman*, 836 F.2d at 1301-02. Using that independent judgment, the undersigned finds that the May 18, 2021, time entries, for the ones that the defendant asserts were for inexplicable time, were actually for work done by paralegals, and is compensable. Accordingly, the undersigned does not recommend any reduction for the May 18, 2021, time entries.

The undersigned has also reviewed the plaintiff's time entries for both clerical work performed by legal personnel and for excessive or over billing on simple tasks. There are instances in the plaintiff's billing records of items that are for clerical tasks and items for which the plaintiff over billed or for which the billing is excessive. The plaintiff should not receive compensation for such tasks.

Clerical or secretarial tasks that "require no skill or training" such as scheduling, telephone calls, faxing, mailing, filing, and e-filing, should not be billed at an attorney's rate, as they are "simple administrative tasks that can easily be completed by a full- time secretary." *Spegon v. Catholic Bishop of Chicago*, 175 F. 3d 544, 553 (7th Cir. 1999); See *Miccosukee Tribe of Indians of Florida* v. U.S., No. 04-21448-CIV, slip op. at 8 (S.D. Fla. Mar. 15, 2010); *Williams v. Target Corp.*, No. 3:10-CV-367-J-37JRK, slip op. at 3 (M.D. Fla. Jan. 23, 2012). Clerical work is normally completed by legal assistants or secretaries, not attorneys. *Williams v. R.W Cannon, Inc.*, 657 F. Supp 1310-11 (S.D. Fla. 2009). In deciding if a task is clerical, the relevant consideration is "whether the work was sufficiently complex to justify the efforts" of the attorney "as opposed to an

employee…lower on the pay-scale ladder." *Id*. (citing *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996)). In this matter the undersigned finds that certain time entries requested by the plaintiff are clerical in nature as those tasks did not require legal skills to complete. *Spegon*, 175 F. 3d at 553. The items listed in the charts below are for administrative task that should be disallowed.

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 7/6/21 | Pollack | Draft and Revise email to process server with instructions for service of process | 0.20 | 0.20 |
| | | **Total amount of hours disallowed for Pollack for administrative tasks** | | 0.20 |

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 7/27/21 | Cummings | Call to Judge Marcia Cooke's Chambers re: offer/settlement requirements | 0.20 | 0.20 |
| 8/6/21 | Cummings | Call to Chambers to follow up on filing approval of settlement | 0.20 | 0.20 |
| 8/12/21 | Cummings | Spoke to J. Cooke's clerk Bridget re: Notice of Settlement | 0.20 | 0.20 |
| | | **Total amount of hours disallowed for Cummings for administrative tasks** | | 0.60 |

There are a number of tasks for which the plaintiff billed that the undersigned finds excessive, redundant, or unnecessary. On numerous occasions, the plaintiff charged 0.10 and

11

0.20 hours for the receipt and review of simple documents received.  Six and twelve minutes are excessive amounts of time to bill for the receipt and review of simple documents.  The 1.09 hours charged by the plaintiff for receipt and review of documents should be reduce by approximately half, and the plaintiff should recover 0.55 hours for the receipt and review of documents.  Those reductions are outlined in the chart below.

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 7/1/21 | Pollack | Receipt and review of Clerk's Notice of Judicial Assignment (Judge Cooke and Magistrate O'Sullivan) | 0.10 | 0.05 |
| 7/7/21 | Pollack | Receipt and review of Affidavit of Service on Greenstar | 0.10 | 0.05 |
| 7/9/21 | Pollack | Receipt and review of Affidavit of Service on Masi | 0.10 | 0.05 |
| 8/12/21 | Pollack | Receipt and Review of Order Referring Plaintiff's Notice of Acceptance | 0.20 | 0.10 |
| 8/16/21 | Pollack | Receipt and Review of Order Referring Notice of Acceptance of Rule 68 Offer to Chief Magistrate Judge O'Sullivan | 0.20 | 0.10 |
| 8/20/21 | Pollack | Receipt and Review of Order Approving Offer of Judgment and Recommending that Judgment be Entered in Favor of the Plaintiff, that the Court Retain Jurisdiction to Determine Attorney's Fees and Costs and Set a Briefing Schedule | 0.20 | 0.10 |

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 10/13/21 | Pollack | Receipt and Review of Order | 0.20 (the motion says 0.19 hours, so the Court will round to 0.20 hours) | 0.10 |
| | | **Total amount of hours disallowed for Pollack for Receipt and Review** | | 0.55 |

Additionally, the plaintiff seeks reimbursement for excessive amounts of time worked on tasks that should not have taken skilled legal professionals the length of time requested. The excessive billing entries should be reduced by 50% and are outlined in the chart below.

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 7/1/21 | Cummings | Draft letter re: and enclosing complaint to client | 0.40 | 0.20 |
| 7/12/21 | Cummings | Analyze all hours worked by client and calculate overtime compensation due | 0.70 | 0.35 |
| 7/12/21 | Cummings | Create time sheet to calculate client's overtime hours and compensation due | 1.20 | 0.60 |
| 12/10/21 | Cummings | Draft Motion for Attorney's Fees[5] | 3.60 | 1.80 |
| 12/10/21 | Cummings | Analyze Defendant's Response to Motion for Attorney's Fees and Costs | 0.40 | 0.20 |

---

[5]Based on the date of this time entry, the undersigned presumes that the plaintiff's counsel meant draft Reply to Attorney's Fees Motion.

13

| | | Total amount of hours disallowed for Cummings for excessive time | | 3.15 |
|---|---|---|---|---|

      Moreover, there are hours billed by the plaintiff that are redundant or unnecessary.  One of the unnecessary tasks performed by the plaintiff's counsel includes time billed for filing the Motion for Fees and Costs separately from the Motion to Compel Fact Information Sheet and for reviewing a Court Order regarding same. The plaintiff initially (and mistakenly) filed these two motions together on the docket. This was a mistake on the part of the plaintiff and should not be charged to the defendants. Additionally, on August 30, 2021, the plaintiff's counsel conducted an audit of the case to determine the next steps in the case.  Prior to August 30, 2021, counsel last worked on the case on August 20, 2021.  Accordingly, an audit of the case was unnecessary and the defendant should not be charged for this task.  Finally, on August 18, 2021, counsel charged 1.20 hours to review the file and draft the Complaint, Summonses and Cover Sheet.  Other than the Complaint filed on June 30, 2021, no other Complaint was filed in this matter.  Accordingly, the 1.20 hours expended on August 18, 2021, is redundant and should not be charged to the defendant.  The charts below outline the reductions that should be taken for the redundant or unnecessary tasks.

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 8/18/21 | Pollack | Conduct review of file and then draft Complaint, Summonses and Cover Sheet | 1.20 | 1.20 |
| 8/30/21 | Pollack | Conduct file routine audit to determine next steps to progress case then document same in file | 0.20 | 0.20 |
| | | **Total amount of hours disallowed for Pollack for unnecessary time** | | 1.40 |

| Date | Time Keeper | Description | Hours Charged | Hours Disallowed |
|---|---|---|---|---|
| 10/28/21 | Cummings | Analyze Court Order at ECF #20 | 0.10 | 0.10 |
| 10/29/21 | Cummings | Reformat Motion for Attorney's Fees and Costs based on Court Order at ECF #20 | 0.10 | 0.10 |
| 10/29/21 | Cummings | Reformat Motion to Compel Fact Information Sheet based on Court Order at ECF #20 | 0.10 | 0.10 |
| | | **Total amount of hours disallowed for Cummings for unnecessary time** | | 0.30 |

In the charts above, the undersigned recommends that the hours worked by Mr.

Pollack be reduced by a total of 2.15 hours (0.2 + 0.55 + 1.40 = 2.15).  The undersigned also recommends that Mr. Pollack receive $450.00 per hour for his time worked in this matter.  2.15 hours at a rate of $450.00 per hour equals $967.50.  Accordingly, the undersigned recommends a reduction in the amount of $967.50 for the time worked by Mr. Pollack in this matter.  Additionally, in the charts above, the undersigned recommends that the hours worked by Mr. Cummings be reduced by a total of 4.05 hours (0.6 + 3.15 + 0.30 = 4.05).  The undersigned recommends that Mr. Cummings receive $250.00 per hour for his time worked in this matter.  4.05 hours at a rate of $250.00 per hour equals $1,012.50.  Accordingly, the undersigned recommends a reduction in the amount of $1,012.50 for the time worked by Mr. Cummings in this matter.  $967.50 plus $1,012.50 equals $1,980.00.  In accordance with the foregoing, the undersigned recommends that the fees requested in the Motion and Reply be reduced by an additional $1,980.00. $6,684.50 minus $1,980.00 equals $4,704.50. Accordingly, the undersigned recommends that the plaintiff recover fees in the amount of **$4,704.50**.

**II. Costs**

The plaintiff seeks to recover costs in the amount of $492.00 in this matter.  Title 29, United States Code, Section 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). The undersigned already noted above that the plaintiff is the prevailing party

in this matter and is, therefore, entitled to recover reasonable costs.

**A. Taxable Costs**

Title 28, United States Code, Section § 1920 sets out the specific costs that may be recovered:

> A judge or clerk of any Court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The defendant does not object to the costs sought by the plaintiff.

**B. Filing Fee**

The plaintiff seeks to recover $402.00 for the filing fee associated with bringing

this matter. This cost is permitted under 28 U.S.C. § 1920(1) and the defendant does not object. The undersigned, therefore, recommends the plaintiff be awarded **$402.00** for the filing fee in this matter.

### C. Service of Process

The plaintiff seeks to recover a total of $90.00 for the service of process on the two defendants in this matter ($45.00 for each defendant). Private process server fees may be taxed. *E.E.O.C.*, 213 F.3d at 623. The $90.00 sought by the plaintiff is reasonable and recoverable under 28 U.S.C. § 1920 and the defendant does not object. Accordingly, the undersigned recommends that the plaintiff recover **$90.00** for the costs associated with the service of process on the two defendants.

### D. Summary of Costs to be Awarded

In accordance with the foregoing, the undersigned respectfully recommends that the plaintiff be awarded **$492.00** in costs associated with this matter.

### CONCLUSION

In accordance with the above, the undersigned hereby

**RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for an Award of Attorneys' Fees and Costs (DE # 21, 10/29/21) be **GRANTED in part and DENIED in part**, and that the plaintiff be awarded attorney's fees in the amount of **$4,704.50** and costs in the amount of **$492.00** for a total fees and costs award of **$5,196.50**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file

objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 15th day of December, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE